Dear Mr. Rebman:
This opinion is in response to your question asking whether a list of personal care attendants' addresses that were provided to the State Board of Mediation for the purpose of permitting it to conduct a bargaining representation election by mail for a statewide unit of personal care attendants as provided by § 208.862, RSMo, is subject to closure under the Missouri Sunshine Law, Chapter 610, RSMo.[1]
Your question requires consideration of The Quality Home Care Act, §§ 208.850 to 208.871, RSMo, and the Missouri Sunshine Law, §§ 610.010 to 610.035, RSMo. The Sunshine Law, pursuant to § 610.022.5, provides: "Public records shall be presumed to *Page 2 
be open unless otherwise exempt pursuant to the provisions of this chapter." A "public record" is:
 any record, whether written or electronically stored, retained by or of any public governmental body including any report, survey, memorandum, or other document or study prepared for the public governmental body by a consultant or other professional service paid for in whole or in part by public funds, including records created or maintained by private contractors under an agreement with a public governmental body or on behalf of a public governmental body, . . .
Section 610.010(6), RSMo.
The general rule is that records held by agencies such as the Missouri Department of Labor and Industrial Relations are open to the public, unless an exception applies. Two exceptions merit discussion here.
The first is § 610.021(13), which authorizes a public governmental body to close records to the extent they relate to "[i]ndividually identifiable personnel records, performance ratings or records pertaining to employees. . . ." The question here would be whether names and addresses of personal care attendants are "personnel records, . . . pertaining to employees" such that the public governmental body is authorized to close them as "records pertaining to employees." Section 610.021(13), RSMo.
In interpreting statutes, we ascertain the legislature's intent by considering the plain and ordinary meaning of the words in the statute. Cox v. Dir. of Revenue,98 S.W.3d 548, 550 (Mo. banc 2003). In particular, § 208.862 provides:
 3. The [Quality Home Care Council] shall be a public body as that term is used in section 105.500, RSMo, and personal care attendants shall be employees of the council solely for purposes of section 105.500, RSMo, et seq.
 . . . .
 7. Personal care attendants shall not be considered employees of the state of Missouri or any vendor for any purpose.
By its terms, this section demonstrates the legislature's intent to limit the designation of personal care attendants as "employees" to a single context, namely, the context of public sector labor law, §§ 105.500 to 105.530, RSMo. (That law grants the *Page 3 
right to form and join a labor organization to employees of a public body, and designates the State Board of Mediation to resolve issues of appropriateness of bargaining units and majority representative status.) This limitation suggests that the personal care attendants are not to be considered "employees" in any other context. Thus, in the context of the Sunshine Law, the personal care attendants would not be considered "employees," so even if the addresses of personal care attendants were "personnel records," you would not be authorized to close the records pursuant to § 610.021, unless an exception other than subdivision (13) is applicable.
The second exception is § 610.021(14), which provides that a public governmental body is authorized to close-except to the extent disclosure is otherwise required by law-"[r]ecords which are protected from disclosure by law[.]" The only law identified to us as perhaps protecting the list of personal care attendants' addresses from disclosure is the "Missouri Uniform Trade Secrets Act," §§ 417.450 to 417.467, RSMo. Under this law, a court has power to enjoin actual or threatened misappropriation of trade secrets and award monetary damages for misappropriation. Sections 417.455 to 417.457, RSMo. Trade secrets include compilations of data that have "independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from [their] disclosure or use" and are "the subject of efforts that are reasonable under the circumstances to maintain [their] secrecy." Section 417.453(4), RSMo. Misappropriation includes acquisition of a trade secret by improper means, such as misrepresentation, or disclosure by someone who knew the trade secret was obtained "under circumstances giving rise to a duty to maintain its secrecy or limit its use." Section 417.453(1) and (2), RSMo.
The Missouri Uniform Trade Secrets Act does not explicitly make misappropriation illegal, for example, by stating: "individuals may not misappropriate trade secrets." But by defining misappropriation and providing legal remedies for it, including injunctive relief and monetary damages, it has legally protected certain trade secrets from disclosure. Therefore, certain trade secrets "are protected from disclosure by law," which fits the requirements for the exception under the Sunshine Law. Section 610.021(14), RSMo. Accordingly, if the list of personal care attendants' addresses is a trade secret, and disclosing the list would be a misappropriation of that trade secret, the agency may not have to disclose the list.
The list of personal care attendants' addresses does not fit the definition of trade secret. Section 208.856.1 creates the "Quality Home Care Council" ("Council"), which is required to exercise certain functions relating to personal care attendants, including to "[e]stablish and maintain a statewide list of eligible, available personal care attendants, in cooperation with vendors, . . ." Section 208.859(5). Such list is accessible to all consumers seeking personal care attendants. Id. Therefore, the compilation of personal care attendants' information is available to the public, as distinguished from a list not generally known or kept secret. § 417.453(4), RSMo. Because the information regarding *Page 4 
personal care attendants is required to be maintained in a way that the statute makes public, the information cannot be a trade secret.[2]
Because the list of personal care attendants' addresses cannot be closed under either § 610.021(13) or § 610.021(14), the records are presumed open. Based on the above considerations, we do not believe there is a basis for declining to provide the records requested in the circumstances identified in your opinion request.
This conclusion is further supported by the public policy underlying the Sunshine Law, contained in § 610.011.1, RSMo, that: "It is the public policy of this state that . . . records, . . . of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.200 shall be liberally construed and their exceptions strictly construed to promote this public policy."
 CONCLUSION
In conclusion, the list of personal care attendants' addresses cannot be closed under § 610.021(13), which authorizes closure of "[i]ndividually identifiable personnel records, performance ratings or records pertaining to employees . . ." because the names and addresses are not "records pertaining to employees" that can be closed under § 610.021(13), nor "trade secrets" that can be closed under § 610.021(14), via the "Missouri Uniform Trade Secrets Act," §§ 417.450 to 417.467, because the list consists of information made public by statute. Therefore, the Sunshine Law's general presumption of openness applies and the records are open.
[1] All citations are to RSMo Cum. Supp. 2009.
[2] Because the list of personal care attendants' addresses does not fit the definition of a trade secret in § 417.453(4), RSMo, analysis of whether disclosure of the list would be considered "misappropriation" is unnecessary. *Page 1